### HAWES v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

MUNICIPAL CORPORATIONS (§ 220*)—AGENTS—ACTIONS FOR SALARY—COMPLAINT —SUFFICIENCY.

Greater New York Charter (Laws 1901, c. 466), § 56, provides that all salaries as fixed on the 1st day of January, 1902, shall continue in force until fixed by the board of aldermen. In an action for back salary, plaintiff alleged that from the date of his appointment to and including January, 1902, and subsequent thereto, he received from the defendant as compensation for his services, as engineer, an annual sum of $3,432. *Held*, that the complaint was defective and did not bring plaintiff within the terms of the charter, because not alleging that his salary previous to 1902 had been legally fixed at the sum of $3,432 per annum.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Alfred Hawes against the Board of Education of the City of New York. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

See, also, 143 App. Div. 934, 128 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles McIntyre, of New York City, for appellant.

John T. Little, of New York City, for respondent.

SCOTT, J. The plaintiff sues for back salary from January 1, 1907, at the rate of $3,432 per annum, less such amounts as have been paid to, and accepted by, him since that time. His claim seems to be that on and prior to January 1, 1907, his salary was legally fixed at

the sum mentioned, and that it has never been legally reduced. He alleges that section 56 of the Revised Greater New York Charter (Laws 1901, c. 466) provides that:

"All salaries as fixed on the first day of January, 1902, shall continue in force until fixed by the board of aldermen as in this section provided."

He seeks to bring himself within the terms of this act by further alleging:

"That from the date of his appointment to and including January, 1902, and subsequent thereto (covering a period of more than seven years), the plaintiff received from the defendant as compensation for his services as such janitor or engineer the annual sum of $3,432."

The point of the demurrer is that, in order to bring himself within the terms of the charter, the plaintiff should have alleged that upon and prior to January 1, 1902, his salary had been legally fixed at the rate stated, and that an allegation that he had received a certain compensation is not equivalent to alleging that he was entitled to receive it. This point is well taken. The purpose of the statute was not to perpetuate anything except salaries which had then been "fixed," by which of course is meant legally fixed. Unless therefore the compensation of which plaintiff was in receipt on January 1, 1902, had been legally fixed, it was not perpetuated by the charter provisions; if it had been so fixed, it would be quite as easy to so allege, as it is to use the form of allegation adopted in the complaint.

It is said that the fact that the sum mentioned had been paid for seven years before 1902 is presumptive evidence that plaintiff's salary had been theretofore legally fixed at that figure. Even if that be true, which we do not decide, it would not justify the complaint. The office of a complaint is to allege the facts, not the evidence from which the existence of a fact may be deduced, and to allege facts which merely lead to the presumption of the ultimate fact upon which plaintiff's right rests is to plead evidence and not facts. The fact which defendant wishes to put in issue and is entitled to put in issue is the legal fixation of plaintiff's salary prior to January 1, 1902. Under the complaint as it stands, that issue is not tendered and cannot be raised by a denial. If the compensation plaintiff says he was receiving prior to 1902 was his legally fixed salary, he can easily say so. If it was not, he is not entitled to recover. In short, in his present complaint plaintiff does not bring himself within the terms of the statute upon which he relies.

The interlocutory judgment must be reversed, with costs and disbursements to defendant, and the demurrer sustained, with costs, with leave to appellant to serve an amended complaint within 20 days upon payment of all costs.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur.

McLAUGHLIN, J. I dissent on the ground that, from the allegation that the plaintiff had received a certain compensation, it is fairly to be inferred that such compensation had been fixed according to law. The presumption is, in the absence of any evidence to the contrary,

that a public official disburses public money only when authorized by law to do so; that is, that he performs only legal acts. The allegation therefore in the complaint that the plaintiff received a certain compensation is, in my opinion, equivalent to an allegation that he was entitled to receive the same.